

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00219-CV

In the Estate of Alice C. **HARTONG**, Deceased

From the Probate Court No. 2, Bexar County, Texas
Trial Court No. 2001-PC-1800
Honorable Barbie Scharf-Zeldes, Judge Presiding

PER CURIAM

Sitting:  Adrian A. Spears II, Justice
     H. Todd McCray, Justice
     Velia J. Meza, Justice

Delivered and Filed: July 2, 2025

MOTION FOR PERMISSIVE APPEAL DENIED; APPEAL DISMISSED FOR LACK OF JURISDICTION

Alice K. Turner has filed a motion for permissive appeal from an interlocutory order denying her plea to the jurisdiction in the underlying probate matter.

To be entitled to a permissive appeal from an interlocutory order that is not otherwise appealable, the requesting party must establish that the trial court, by written order, granted permission to appeal and that: (1) the order to be appealed involves a controlling question of law on which there is a substantial ground for difference of opinion, and (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(d); TEX. R. CIV. P. 168 ("[A] trial court may permit an appeal from an interlocutory order that is not otherwise appealable, as provided by statute. Permission

must be stated in the order to be appealed."); *see also* TEX. R. APP. P. 28.3(e) (detailing contents of petition for permissive appeal).

Here, the challenged order does not grant Turner permission to seek a permissive appeal. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(d); TEX. R. CIV. P. 168. Additionally, the challenged order does not identify a controlling question of law on which there is a substantial ground for disagreement, and it does not state why an immediate appeal may materially advance the ultimate termination of the litigation. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(d); TEX. R. CIV. P. 168. On May 22, 2025, we issued an order notifying Turner that unless an amended order complying with Section 51.014(d) and Rule 168 was filed in this court by June 20, 2025, her motion for permissive appeal would be denied. No amended order has been filed. Because Turner has failed to satisfy the prerequisites for a permissive appeal, her motion for permissive appeal is denied and this appeal is dismissed for lack of jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(d); TEX. R. CIV. P. 168; *see also Durairaj v. Durairaj*, No. 04-19-00271-CV, 2019 WL 3937275, at *1 (Tex. App.—San Antonio Aug. 21, 2019, no pet.) (denying petition for permissive appeal and dismissing appeal for lack of jurisdiction).

PER CURIAM